UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VALENZUELA DE LEON, et al., Plaintiffs, v. FCA US LLC, Defendant. | Case No. 17-cv-01541-JCS **ORDER DENYING MOTION FOR ENTRY OF JUDGMENT UNDER FRCP 54(B)** Re: Dkt. No. 91 |

Presently before the Court is Plaintiffs' Motion for Entry of Judgment Under FRCP 54(b) ("Motion"). In the Motion, Plaintiffs ask the Court to immediately enter final judgment as to their claim for fraudulent concealment ("Claim Three") on the ground that the Court has already granted summary judgment as to Claim Three and there is "no just reason for delay" with respect to entry of judgment on that claim. *See* Fed. R. Civ. P. 54(b). Although Defendant does not oppose the Motion, the Court declines to enter final judgment on Claim Three under Rule 54(b).

In determining whether a claim should be certified for entry of final judgment under Rule 54(b), the district court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). In Claim Three, Plaintiffs asserted that FCA intentionally concealed a known defect from Plaintiffs when it sold them their vehicle. In Claims One and Two, which are scheduled for trial in November of this year, Plaintiffs assert that FCA violated the Song-Beverly Act. These claims will require the jury to determine, among other things, whether FCA sold Plaintiffs a vehicle that was defective and/or did not live up to implied warranties. If either side appeals the judgment entered as to Claims One and Two following the upcoming trial, that appeal will likely involve substantial overlap with Plaintiffs' appeal of the Court's judgment on Claim Three. Consequently, there is a significant

likelihood that allowing the parties to pursue separate appeals will result in inefficient use of judicial resources. The Court further finds that the equities do not support entry of judgment on Claim Three because trial on the remaining claims is less than six months away. Accordingly, the Motion is DENIED. The Court vacates the Motion hearing set for June 14, 2019 at 9:30 a.m. pursuant to Civil Local Rule 7-1(b).

**IT IS SO ORDERED.**

Dated: June 3, 2019

JOSEPH C. SPERO
Chief Magistrate Judge